IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | CRIMINAL ACTION NO. |
| v.       ) | 2:12cr59-MHT |
| ) | (WO) |
| ANGELIQUE DJONRET and ) | |
| TABITHA STINSON        ) | |

OPINION AND ORDER

This cause is before the court on defendant Tabitha Stinson's unopposed motion to continue her trial.  The trial is currently set for January 14, 2013.  For the reasons set forth below, the court finds that jury selection and trial for both Stinson and co-defendant Angelique Djonret should be continued to May 20, 2013, pursuant to 18 U.S.C. § 3161(h)(7)(A).

While the granting of a continuance is left to the sound discretion of the trial judge, United States v. Stitzer, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161.  The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

Id. § 3161(c)(1).  The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  § 3161(h)(7)(A).  In granting such a continuance, the court shall consider, among other factors, whether the failure to grant the continuance would "result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." § 3161(h)(7)(B)(iv).

2

The Act also excludes from the 70-day period "A reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." § 3161(h)(6).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interests of the public and of Stinson and Djonret in a speedy trial.  Stinson, through her attorney, has provided several reasons for continuance.  First, she is currently engaged in good-faith settlement negotiations with the government and additional time is needed for such negotiations to prove fruitful.  Second, the current trial date will follow soon after the unexpectedly late birth of Stinson's child, and Stinson will need additional time to recover physically.  Third, the government and co-defendant Angelique Djonret do not oppose continuance.  In any event, as stated, the Speedy Trial Act also excludes from the 70-day period "A

3

reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." § 3161(h)(6).  There has been no severance in this case.

***

Accordingly, it is ORDERED that:

(1) Defendant Tabitha Stinson's motion for continuance (Doc. No. 141) is granted; and

(2) The jury selection and trial, now set for January 14, 2013, is reset for defendants Stinson and Angelique Djonret for May 20, 2013, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

DONE, this the 28th day of December, 2012.

   /s/ Myron H. Thompson   
   UNITED STATES DISTRICT JUDGE